(May 17, 1990)

■ HENRY CASTORINO, Respondent, v UNIFAST BUILDING PRODUCTS CORP., Appellant, and DCI CONTRACTING CORP., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Eugene L. Nardelli, J.), entered November 30, 1988, denying, without prejudice to renewal following discovery, defendant Unifast Building Products Corp.'s motion for summary judgment dismissing plaintiff's amended complaint and all cross claims against it, unanimously modified, on the law, to dismiss the amended complaint against said defendant, and, except as so modified, affirmed, without costs or disbursements.

In this wrongful death action it is alleged that plaintiff's decedent was assaulted and murdered in her apartment by someone who gained entry either through a window which did not have locking devices or which did not have locking devices in proper working condition. Liability against defendant-appellant Unifast, which had contracted with defendant DCI Contracting Corp. to supply and install windows throughout the apartment building in which decedent resided, is predicated on a claim that the window-locking mechanisms were defective and that the windows could not be properly closed or locked.

Unifast moved for summary judgment, arguing, *inter alia,* that plaintiff could not recover on a theory of contractual liability since it had no contract with plaintiff's decedent, nor was decedent an intended beneficiary of any contract between Unifast and the landlord. In addition, Unifast urged that there could be no recovery in tort since Unifast had not undertaken any duty to decedent in agreeing to supply windows to the building in which she resided. Finding a question as to whether Unifast owed a duty to the decedent, the IAS court denied summary judgment, without prejudice to renewal following discovery, since it could not yet be determined whether the windows were manufactured and delivered in a defective condition.

In view of the broad "hold harmless clause" included in the contract between Unifast and DCI, the only party whose cross claims appear in the record, we agree with the IAS court insofar as it denied Unifast's motion for summary judgment dismissing the cross claims against it. However, since we find no basis, under principles of either contract or tort law, for a finding of liability against Unifast, we modify to grant Unifast's motion and dismiss the complaint against it.

Plaintiff predicates Unifast's contractual liability on an assertion that the decedent was an intended beneficiary of the contract between Unifast and DCI, the landlord's general contractor. While the law is settled that an intended beneficiary may maintain an action as a third party for breach of contract, he must establish "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost". *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *Alicea v City of New York,* 145 AD2d 315, 317.) Since there is nothing in the

subcontract between Unifast and DCI which "evince[s] a discernible intent to allow recovery for the specific damages to the third party that result[ed] from a breach thereof", no cause of action against Unifast can be maintained. *(Strauss v Belle Realty Co.,* 98 AD2d 424, 427, *affd* 65 NY2d 399.)

*Einhorn v Seeley* (136 AD2d 122, 125, *appeal dismissed* 72 NY2d 914) also mandates the conclusion that this theory is unavailable here. *Einhorn* was a personal injury action in which plaintiff was allegedly assaulted and raped in an apartment building and sued, *inter alia,* a locksmith, on a theory that it had improperly installed or repaired the lock on the front door of the building, through which the assailant might have gained access to the premises. We held that the action was "not maintainable in contract on a third-party beneficiary theory since plaintiffs were, at most, incidental rather than intended beneficiaries of any agreement between the landlord and [the locksmith]". *(Supra,* at 124.)

Nor, under *Einhorn (supra),* can defendant be held liable in tort. Rejecting plaintiffs' claim against the locksmith for tort liability, the *Einhorn* court held that the locksmith did not undertake a duty to the injured plaintiff when it entered into its relationship with the landlord: "Here we are concerned with a possible liability for an injury to a mere guest of a tenant caused by an unlawful act of a third party. Under these circumstances, to hold a locksmith responsible for the alleged consequences of an allegedly defective lock would be to enlarge the obligations of such artisans far beyond the existing law and beyond sound public policy." *(Supra,* at 127.) Similarly, it would be an unacceptable extension of existing law to hold the supplier/installer of windows responsible for the alleged consequences of an allegedly defective window-locking mechanism. It is "the responsibility of courts, in fixing the orbit of duty, 'to limit the legal consequences of wrongs to a controllable degree' * * * and to protect against crushing exposure to liability * * *. The courts' definition of an orbit of duty based on public policy may at times result in the exclusion of some who might otherwise have recovered for losses or injuries if traditional tort principles had been applied." *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402-403, *supra.)*

The fact that in this case plaintiff's decedent was a resident of the building in which the attack occurred, while the injured plaintiff in *Einhorn (supra)* was merely a guest of a tenant—and was explicitly referred to as such *(Einhorn v Seeley, supra,* at 127)—does not warrant a contrary conclusion. The decision in *Einhorn* turned not on the fact that plaintiff was a guest

but on the rule that "[t]here will ordinarily be no duty thrust on a defendant to prevent a third party from causing harm to another". *(Supra,* at 126.)* It is clear that the result would have been no different if plaintiff had been a tenant. Concur— Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.

---

* An exception to this rule "may occur in the case where a special relationship exists between the defendant and the third person so as to give rise to a duty to control, or alternatively, when a special relationship exists between the defendant and the victim which gives the latter the right to protection" *(Einhorn v Seeley,* 136 AD2d 122, 126). This exception is inapplicable here, however, since there is nothing in the record to support the claim in plaintiff's brief that the assailant "is believed to be an employee, contractor or agent of [Unifast] or its agents."