■ JAMES PRINCE et al., Respondents, v ALEX DEMBITZER, Defendant, and SEYMOUR HURWITZ, Appellant. [597 NYS2d 381] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about August 14, 1992, which, *inter alia,* denied defendant Seymour Hurwitz's motion to dismiss the fifth cause of action in the complaint, unanimously reversed to the extent appealed from, on the law, with costs, and Hurwitz's motion to dismiss the fifth cause of action is granted.

In early 1988 plaintiff James Prince and defendant Alex Dembitzer agreed to become "partners" (actually joint venturers, but we will adopt the parties' language as it does not change the analysis or result herein) to purchase real estate for profit. In July of 1988 they focused their attention on the Tower Plaza Shopping Center (the "Center") located in Kansas, and the partnership retained defendant, attorney Seymour Hurwitz, to represent them in the proposed purchase of the Center. Plaintiff Alta Equities Corp., a nominee of Prince, was to take title to the Center under a process called "flipping," as the Center was already subject to a contract of sale to another party.

For reasons which are not necessary to detail here, the proposed purchase of the Center fell through in August 1988. In September, Prince and Dembitzer ceased operating as partners and had no further contact. Dembitzer, however, continued on his own behalf to negotiate with the Center's owners, and he ultimately was successful in purchasing it on different terms than those negotiated by the partnership. Hurwitz represented Dembitzer in the purchase of the Center.

Prince and Alta commenced a lawsuit against Dembitzer and Hurwitz under various theories. As pertinent to this appeal, the IAS Court denied Hurwitz's motion to dismiss the fifth cause of action against him, ruling that although plaintiffs were not clients of Hurwitz when Dembitzer negotiated the purchase of the Center, they "sufficiently stated a claim as to their status as intentional third-party beneficiaries of the partnership contract with Hurwitz." However, in order to find

an intention to benefit a third party, there must be a valid and binding contract in existence *(Castorino v Unifast Bldg. Prods. Corp.,* 161 AD2d 421, 422). It is undisputed that the partnership or joint venture had terminated in September, and therefore Hurwitz's representation of the partnership or its individual partners or co-venturers also had ceased when Dembitzer later negotiated the purchase of the Center for himself while represented by Hurwitz. Moreover, since the partnership relationship is not based on a written agreement, there is no contract or any other document from which to glean an intent to benefit a third party.

Finally, even if we were to assume that by representing the partnership for purposes of a particular transaction Hurwitz owed a continuing ethical duty of loyalty to the individual partners after the partnership was dissolved (by addressing this hypothetical we do not suggest such duty existed), that alone would not give rise to a cause of action against Hurwitz *(see, Mills v Pappas,* 174 AD2d 780, 782, *lv dismissed and denied* 78 NY2d 1121, *rearg denied* 79 NY2d 851, *cert denied* — US —, 112 S Ct 2957). Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.