■ BIJOY VARGHESE, an Infant, by His Father and Natural Guardian, MATHEW VARGHESE, et al., Appellants, v SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT et al., Respondents, et al., Defendant. (And Other Titles.) [688 NYS2d 643] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 9, 1998, as granted the motion of the defendants Sewanhaka Central High School District and Elmont Memorial High School for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was injured when he was hit by a flying object while crossing the street after leaving the premises of Elmont Memorial High School where he had attended an evening activity known as "Asian Cultural Night". At the time of the incident an altercation was taking place on the nearby school grounds. The infant plaintiff, who was not a student of the school, and his father, commenced this action against the Sewanhaka Central High School District, and Elmont High School (hereinafter collectively referred to as the respondents), and against the individual who allegedly caused the object to hit him.

It is well settled that the "provision of security against physical attacks by third parties in circumstances as are presented here, is a governmental function involving policy-making regarding the nature of the risks presented, and that no liability arises from the performance of such a function absent a special duty of protection" (*Bonner v City of New York*, 73 NY2d 930, 932; *see also, Vitale v City of New York*, 60 NY2d 861; *Manning v Ardsley Union Free School Dist.*, 246 AD2d 631; *Ruchalski v Schenectady County Community Coll.*, 239 AD2d 687; *cf., Mirand v City of New York*, 84 NY2d 44). Insofar as asserted against the respondents, the plaintiffs' complaint is

premised solely upon the alleged failure to provide proper security on the night of the event. However, the plaintiffs did not establish that the respondents owed them any special duty of protection. Thus, the court properly dismissed the complaint insofar as asserted against the respondents (*see, Manning v Ardsley Union Free School Dist., supra*; *Rashed v State of New York,* 232 AD2d 394). S. Miller, J. P., Santucci, Sullivan and Florio, JJ., concur.