▪ INES SANTOS, Individually and as Administrator of the Estate of EVA ROSENTHAL, Deceased, Appellant, v CITY OF NEW YORK et al., Defendants, and MARY IMMACULATE HOSPITAL, Respondent. [703 NYS2d 511] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Taylor, J.), dated February 9, 1999, which, *inter alia*, granted the motion of the defendant Mary Immaculate Hospital pursuant to CPLR 2004 for an extension of time to answer the complaint, and (2) an order of the same court, dated July 14, 1999, which granted the motion of the defendant Mary Immaculate Hospital pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action.

Ordered that the orders are affirmed, with one bill of costs.

Contrary to the plaintiff's contentions, under the circumstances of the instant case, the Supreme Court providently exercised its discretion in granting the motion by the defendant Mary Immaculate Hospital (hereinafter the Hospital) pursuant to CPLR 2004 for an extension of time in which to serve an answer, as the delay was not willful or lengthy and did not cause any prejudice to the opposing party (*see, A & J Concrete Corp. v Arker,* 54 NY2d 870, 872; *see also, Tewari v Tsoutsouras,* 75 NY2d 1, 12). It was also a provident exercise of discretion to excuse the law office failure of the Hospital's former attorney (*see,* CPLR 2005; *Tewari v Tsoutsouras, supra*).

Additionally, the Supreme Court properly granted the Hospital's motion to dismiss the complaint insofar as asserted against it for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). On such a motion, the court must determine whether, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences which may be drawn therefrom, the plaintiff can succeed upon any reasonable view of the facts stated (*see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307, 318). In this case, the Hospital had no duty to protect the decedent from an

assault committed by the defendant Ralph Santos, the decedent's former paramour, against whom she had obtained several orders of protection, but who nevertheless allegedly continued to stalk and threaten her. Because Santos did not attack the decedent on the Hospital's property or in an area within its control, "liability cannot be predicated on the common-law duty of landowners 'to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control'" (*Walters v Sternlieb,* 255 AD2d 309, 310, quoting *Damico v Christie,* 71 NY2d 76, 85). No special relationship existed between the Hospital and Santos or the Hospital and the decedent such that the Hospital had a duty to attempt to control Santos's conduct (*see, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8; *Hartsock v Hartsock,* 189 AD2d 993; *Einhorn v Seeley,* 136 AD2d 122, 126), or protect the decedent from him (*see, Pulka v Edelman,* 40 NY2d 781, 784; *Castorino v Unifast Bldg. Prods. Corp.,* 161 AD2d 421, 423-424).

The plaintiff's remaining contentions are without merit. Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.