■ JOHN V. MICCIO et al., Appellants, v BAY SHORE UNION FREE SCHOOL DISTRICT, Respondent. [735 NYS2d 202] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 17, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff, John Vincent Miccio (hereinafter Miccio), was a student in a high school located within the Bay Shore Union Free School District (hereinafter the respondent). On June 18, 1996, after Miccio finished a final examination, he went to play basketball on the outdoor court at the high school. While Miccio was on the court, another student assaulted him. Several days earlier, that same student allegedly stole property from Miccio and threatened him with a knife. The plaintiffs commenced this action against the respondent to recover damages allegedly arising from the injuries sustained by Miccio based on its alleged negligent supervision and inadequate security as to the June 18, 1996, incident.

The Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint. The respondent made a prima facie showing of its entitlement to judgment as a matter of law. As to the allegation of negligent supervision, the respondent demonstrated that it did not have "any actual knowledge constituting 'notice of a particular danger at a particular time'" (*Schlecker v Connetquot Cent. School Dist.,* 150 AD2d 548, 549, quoting *Lawes v Board of Educ.,* 16 NY2d 302, 306). As to the allegation of inadequate security, the respondent demonstrated that no special duty of protection existed (*see, Varghese v Sewanhaka Cent. High School Dist.,* 260 AD2d 573; *Edwards v City of Mount Vernon,* 230 AD2d 821; *Dickerson v City of New York,* 258 AD2d 433). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Ritter, J. P., Smith, Adams and Cozier, JJ., concur.