■ TIMOTHY BOWERS et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [742 NYS2d 659] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 4, 2001, which granted the cross motion of the defendants City of New York and Board of Education of the City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied their motion, inter alia, to

strike the answer of the defendants City of New York and Board of Education of the City of New York pursuant to CPLR 3126.

Ordered that the order is affirmed, with costs.

On the afternoon of October 30, 1996, approximately 15 minutes after he was dismissed from school, the infant plaintiff was waiting for a public bus at a nearby bus stop when some students started to throw eggs. In response, the infant plaintiff ran from the sidewalk out into the street, where he was struck by a vehicle.

Generally, a school's duty to adequately supervise a student ends when it relinquishes physical custody and control of the student (*see Pratt v Robinson,* 39 NY2d 554, 560; *Bertrand v Board of Educ. of City of N.Y.,* 272 AD2d 355; *Winter v Board of Educ. of City of N.Y.,* 270 AD2d 343, 344). Consequently, when a student is injured off school premises, "the school cannot be held liable for the breach of a duty that extends only to the boundaries of school property" (*Bertrand v Board of Educ. of City of N.Y., supra* at 355).

The respondents established their prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was safely dismissed from the school premises approximately 15 minutes before the accident, which occurred beyond the boundaries of school property. In opposition, the plaintiffs failed to present sufficient evidence to raise any triable issue of fact.

The plaintiffs did not establish that the respondents owed them any special duty of protection (*see Vitale v City of New York,* 60 NY2d 861, 863; *Meyers v Board of Educ.,* 260 AD2d 557; *Varghese v Sewanhaka Cent. High School Dist.,* 260 AD2d 573, 574). Under the circumstances, the Supreme Court properly granted summary judgment in favor of the respondents.

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.