■ P.T. et al., Appellants, v CHILDREN'S VILLAGE, Appellant, et al., Defendant, and WESTCHESTER COUNTY HEALTH CARE CORPORATION, Respondent. [793 NYS2d 65]—

In an action, inter alia, to recover damages for sexual assault, the plaintiffs appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered October 14, 2003, which granted the motion of the defendant Westchester County Health Care Corporation to dismiss the complaint insofar as asserted

against it for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and the defendant Children's Village separately appeals from the same order.

Ordered that the appeal by the defendant Children's Village is dismissed, as it is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Westchester County Health Care Corporation, payable by the plaintiffs.

This action arises out of the sexual molestation of infants P.T. and N.M. by the defendant Samuel Toffel. N.M. is not a party to this action. The complaint alleged that during 1997 N.M. was a patient at the defendant Westchester County Health Care Corporation (hereinafter WCHCC) psychiatric hospital. Toffel, a volunteer who worked with N.M. at WCHCC, allegedly molested him there. In 1998, N.M. was transferred to Children's Village (hereinafter CV), which provided treatment and rehabilitation services for troubled juveniles. Toffel allegedly sought to follow N.M. and was accepted into CV's volunteer program as an individual mentor to N.M. The plaintiffs allege that WCHCC recommended Toffel to CV even though it knew or should have known of Toffel's propensity for pedophilia. P.T., an infant residing at CV in the same cabin as N.M. at that time, allegedly was also molested by Toffel.

Assuming the allegations in the complaint to be true (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), since the plaintiffs failed to allege the existence of a special relationship giving rise to a duty of care owed by WCHCC to P.T., the complaint fails to state a cause of action against WCHCC (*see Eiseman v State of New York*, 70 NY2d 175, 185-189 [1987]; *Santos v City of New York*, 269 AD2d 585 [2000]; *Cohen v Wales*, 133 AD2d 94 [1987]). Accordingly, the Supreme Court properly granted the motion of WCHCC. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.