■ BRIDGETTE MALDONADO et al., Appellants, v TUCKAHOE UNION FREE SCHOOL DISTRICT et al., Respondents. [817 NYS2d 376]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Murphy, J.), entered February 2, 2005, which, upon converting the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint into a motion for summary judgment pursuant to CPLR 3211 (c), granted the motion, and (2) an amended order of the same court entered February 16, 2005. The appeals bring up for review so much of an order of the same court entered April 21, 2005, as, in effect, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeals from the order entered February 2, 2005 and the amended order entered February 16, 2005 are dismissed, as those orders were superseded by the order entered April 21, 2005, made, in effect, upon reargument; and it is further,

Ordered that the order entered April 21, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On May 8, 2003, at approximately 8:30 P.M., the injured plaintiff, Bridgette Maldonado, allegedly was attacked in her home by Brian Morris. Both Morris and the injured plaintiff

were students at Tuckahoe High School, which is operated by the defendants. It is undisputed that, approximately one month before the attack, the defendants learned that Morris allegedly had made death threats against the injured plaintiff and her brother, and the school's principal met with both students and their parents to discuss the matter. It is also undisputed that Morris was suspended from school on April 24, 2003 and was still under suspension on the date of the incident.

A school is not an insurer of the safety of its students, and the duty owed to its students "is co-extensive with the school's physical custody and control over them" (*Morning v Riverhead Cent. School Dist.*, 27 AD3d 435, 436 [2006]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Thus, "where a student is injured off school premises, there can generally be no actionable breach of a duty that extends only to the boundaries of school property" (*Tarnaras v Farmingdale School Dist.*, 264 AD2d 391, 392 [1999]; *see Bowers v City of New York*, 294 AD2d 526 [2002]; *Bertrand v Board of Educ. of City of N.Y.*, 272 AD2d 355 [2000]; *Bodaness v Staten Is. Aid*, 170 AD2d 637 [1991]).

Moreover, the defendants' alleged negligence in this case— i.e., the failure to protect the injured plaintiff from the criminal act of a third party—involves a governmental function for which the defendants may not be held liable in the absence of a special duty (*see Vitale v City of New York*, 60 NY2d 861, 863 [1983]; *Moreno v City of New York*, 27 AD3d 536 [2006]; *Johnson v New York City Bd. of Educ.*, 270 AD2d 310 [2000]; *Rashed v State of New York*, 232 AD2d 394 [1996]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by showing, inter alia, that they assumed no affirmative duty to protect the injured plaintiff outside of the school's premises and that the injured plaintiff, in any event, could not justifiably rely on the defendants to protect her at her residence after school hours. In opposition, the plaintiffs failed to raise a triable issue of fact as to the existence of a special duty (*see Johnson v New York City Bd. of Educ., supra*; *Weinstein v Board of Educ. of City of N.Y.*, 127 AD2d 655 [1987]; *see also Bertrand v Board of Educ. of City of N.Y., supra*).

In any event, even assuming that a "special duty" existed, the defendants established, prima facie, that the breach of that duty was not a proximate cause of Bridgette Maldonado's injuries. "The test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*Mirand v City of New York, supra* at 50). Under the circumstances of this case,

the injured plaintiff's voluntary act of allowing Brian Morris into her home, notwithstanding the prior threats he had allegedly made against her, constituted a superseding intervening act which severed any link between the defendants' alleged negligence and her injuries (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 316 [1980]). Florio, J.P., Santucci, Rivera and Fisher, JJ., concur.