OPINION OF THE COURT
Phyllis Orlikoff Flug, J.
Defendants, the City of New York and the New York City Department of Education (hereinafter DOE) jointly move, inter alia, for summary judgment dismissing plaintiffs complaint as asserted against them.
This motion was held in abeyance pending resolution of plaintiffs cross motion for discovery, which was partially granted by this court’s order dated February 26, 2014, and was otherwise denied. As the court has determined that the records produced in response to this motion do not affect the determination of the pending motion for summary judgment, the motion will be decided on the papers submitted at the Centralized Motion Part Calendar on August 1, 2013.
This is an action to recover damages for personal injuries allegedly sustained by plaintiff, Bergouhi H. Elissa, on March 25, 2010 when her son, Elijah Mendez, after being subject to bullying at school for several years, committed suicide at his residence located at 22-50 43rd Street, in the County of Queens, City and State of New York.
Specifically, plaintiff alleges that defendants were negligent and breached their duty to supervise and/or protect the decedent and seeks to recover damages for the injuries sustained by the decedent, including his death and the emotional and physical injuries sustained prior to his death, and for injuries sustained by plaintiff, including the pecuniary loss and emotional injuries sustained as a result of decedent’s death.
On a motion for summary judgment, the proponent “must make a prima facie showing of entitlement to judgment as a *528 matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once the proponent has made this showing, the burden of proof shifts to the party opposing the motion to produce evidentiary proof in admissible form to establish that material issues of fact exist which require a jury trial (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
With respect to the City, it is well settled that the City and the DOE are separate legal entities and the City cannot be held liable for the torts committed by the DOE and its employees (see Matter of Allende v City of New York, 69 AD3d 931, 932 [2d Dept 2010]; Perez v City of New York, 41 AD3d 378, 379 [1st Dept 2007]).
Notably, plaintiff has failed to oppose this portion of defendants’ motion seeking summary judgment and dismissal of the complaint as asserted against the City of New York on the ground that the City is not a proper party to this action.
The damages sought by plaintiff in the complaint fall into distinct categories that should be analyzed independently.
With respect to plaintiffs causes of action to recover damages sustained as a result of the decedent’s suicide, defendants have established that they cannot be found liable to plaintiff for such damages on a theory of negligent supervision.
A school is under a duty to adequately supervise the students in its charge and is liable for foreseeable injuries proximately related to its failure to provide adequate supervision (see Palmer v City of New York, 109 AD3d 526, 527 [2d Dept 2013], citing Mirand v City of New York, 84 NY2d 44, 49 [1994]).
However, the duty to adequately supervise the students is coextensive with the school’s physical custody and control over them (see Pratt v Robinson, 39 NY2d 554, 560 [1976]; see also Maldonado v Tuckahoe Union Free School Dist., 30 AD3d 567, 568 [2d Dept 2006]; Chalen v Glen Cove School Dist., 29 AD3d 508, 509 [2d Dept 2006]; Morning v Riverhead Cent. School Dist., 27 AD3d 435, 436 [2d Dept 2006]; Tamaras v Farmingdale School Dist., 264 AD2d 391, 392 [2d Dept 1999]).
Indeed, the Court of Appeals has “repeatedly endorsed the efficacy and fairness of defining a school’s common-law duty to supervise . . . students in terms of physical custody” (Williams v Weatherstone, 23 NY3d 384, 403 [2014]).
As there is no dispute that decedent’s death occurred in his own residence after he had been released from the school’s *529 custody, defendants cannot be held liable for plaintiffs claims for damages arising from the decedent’s suicide on a theory of negligent supervision (see Williams v Hempstead School Dist., 46 AD3d 550, 552 [2d Dept 2007]; Morning at 436; Bertrand v Board of Educ. of City of N.Y., 272 AD2d 355 [2d Dept 2000]; Tarnaras at 392).
While plaintiff was not required to plead the existence of a special duty for the claim of negligent supervision (see e.g. Miccio v Bay Shore Union Free School Dist., 289 AD2d 542, 543 [2d Dept 2001]), because that theory is not applicable to the damages sustained as a result of decedent’s suicide, plaintiff must demonstrate that defendant breached a separate and distinct duty to recover these damages (see Morgan-Word v New York City Dept. of Educ., 96 AD3d 1025, 1026 [2d Dept 2012]; see also Maldonado at 568).
The only other theory alleged by plaintiff to recover these damages is that defendant failed to adequately protect the decedent from harm. However, as plaintiff admittedly did not plead the existence of a special duty owed to the decedent, plaintiff has failed to state a cause of action to recover damages under this theory (see Rollins v New York City Bd. of Educ., 68 AD3d 540, 541 [1st Dept 2009]; see also Chalen v Glen Cove School Dist., 29 AD3d 508, 510 [2d Dept 2006]; P.T. v Children’s Vil., 16 AD3d 645, 646 [2d Dept 2005]).
With respect to plaintiffs causes of action seeking to recover damages for the emotional injuries sustained by the decedent prior to his death, defendants have failed to establish their prima facie entitlement to dismissal of such claims.
These emotional injuries were allegedly sustained by the decedent during school hours and on school premises and, as such, plaintiff may seek recovery of these damages based on a theory of negligent supervision. Therefore, plaintiff is not required to plead the existence of a separate and distinct special duty to recover damages for the emotional injuries sustained by decedent prior to his death (see e.g. Miccio at 543).
Moreover, a claim that a school failed to adequately address the ongoing harassment of the decedent and that the decedent sustained emotional injuries as a result is a cognizable cause of action 0see Cavello v Sherburne-Earlville Cent. School Dist., 110 AD2d 253, 255 [3d Dept 1985]; see also Barmore v Aidala, 419 F Supp 2d 193, 206 [ND NY 2005]).
As such, defendants’ claim that a school district’s response to harassment and bullying is a discretionary governmental func *530 tion for which no liability may attach is without merit (see Bar-more at 206). Indeed, the adequacy of a school’s supervision of its students generally presents a question of fact (see Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [2d Dept 2013]; Palmer v City of New York, 109 AD3d 526, 527 [2d Dept 2013]; Oakes v Massena Cent. School Dist., 19 AD3d 981, 982 [3d Dept 2005]).
Plaintiff’s deposition testimony demonstrates that she and the decedent made multiple complaints to multiple school officials regarding the harassment of the decedent, while testimony by the school officials shows that they may not have been aware of the severity of the bullying. In addition, the school addressed harassment by visiting classrooms to educate students regarding the use of the word “gay.” They also hung posters and distributed brochures to educate students on harassment and the steps to report it. However, not all of the students alleged to have harassed decedent were disciplined.
Clearly this demonstrates the existence of triable issues of fact regarding the school’s knowledge of the harassment of the decedent and the adequacy of its response thereto (see Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000-1001 [3d Dept 2006]; Cavello at 255).
The cause of action to recover for plaintiffs own emotional injuries sustained as a result of the harassment and bullying of decedent is not a recognized cause of action (see Cavello at 255).
Further, to the extent plaintiff claims that defendants may be held liable for violations of title VI of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000d et seq.; see generally Zeno v Pine Plains Cent. School Dist., 702 F3d 655 [2d Cir 2012]), the complaint fails to actually plead any such cause of action nor has plaintiff sought leave to amend the complaint.
Accordingly, the motion is granted, to the extent that plaintiffs complaint is dismissed, in its entirety, against defendant the City of New York only.
Summary judgment is denied with respect to plaintiffs cause of action to recover damages for emotional injuries sustained by decedent before his death, only.
All other causes of action are dismissed as asserted against defendant the New York City Department of Education.
The motion is denied in all other respects.