OPINION OF THE COURT
Robert L. Estes, J.
In this contempt proceeding pursuant to the Judiciary Law, the petitioning wife seeks to have the court punish the respondent husband for violation of an order of protection dated April 7, 1989, which was made under section 656 of the Family Court Act. The order directed that the respondent not *298 engage in any act of disorderly conduct, harassment, menacing, reckless endangerment, assault or attempted assault against the petitioner at any time or place, and definitions of those terms were attached to the order. The order also directed the respondent to stay away from the petitioner and to stay away from the petitioner’s residence, and that he abstain at all times from communicating or attempting to communicate with the petitioner. The order provided that it would remain in effect until modified or terminated by a future order of the Family Court or of some other court having competent jurisdiction.
The petition alleges, and the facts adduced at the hearing establish, that on March 21, 1990, the respondent came to the petitioner’s apartment; pushed his way past the petitioner’s daughter; insisted on talking with the petitioner; was told by the petitioner to say what he wanted and get out; informed the petitioner that he wanted to engage in sexual intercourse; pushed her to the floor when she refused to have sexual intercourse; and engaged in sexual intercourse with the petitioner against her will.
The respondent was not present at the hearing. Having previously appeared initially and invoked his right to counsel, the respondent was represented at the hearing by his assigned attorney.
Under cross-examination by the respondent’s attorney, the petitioner admitted that soon after obtaining the order of protection here sought to be enforced, she allowed the respondent to return and reside with her in a mobile home, and that the parties resumed their roles as husband and wife for a period of several months, and engaged from time to time in sexual intercourse. On February 10, 1990, the petitioner moved out of the mobile home to establish her own residence with the children.
On March 1, 1990, approximately three weeks before the current petition was filed, Rosalie Cole filed a family offense petition alleging that on February 22, 1990 the respondent forced his way into her residence; refused to leave when she requested that he leave; pushed her; and started choking her and telling her he was going to kill her. Ultimately, the petition was dismissed because the petitioner had previously invoked the assistance of the State Police and had filed an accusatory instrument more than 72 hours earlier in a local criminal court charging the respondent with the identical *299 offensive conduct. She treated the incident as a new offense in both courts, because when the State Police were called and presented with the Family Court’s order of protection, they refused to honor the order, treating it as invalid because the parties had lived together after the order was issued.
The order dismissing that Family Court petition was served upon both parties on March 9, 1990, with a memorandum decision in which the court stated, among other things, "The court also notes that the existing Family Court Order of Protection, dated April 7, 1989, is still in full force and effect * * * As the order specifically states, the restraints on the respondent’s behavior remain in effect until the order is modified or terminated by a future order of this court or of some other court having competent jurisdiction. ” (Emphasis in original.)
At the court’s invitation, the respondent’s attorney submitted written argument addressing the effect upon this court’s order of protection of the fact of cohabitation by the parties with the petitioner’s acquiescence for a time after the order of protection was made. Although counsel cites no statute or case law addressing the issue, he urges the court to invoke the principle of estoppel to prevent the petitioner from enforcing the rights reserved to her by the order.
The common-law doctrine of equitable estoppel can arise when a person by declarations or conduct has induced another person to act in a particular manner. The doctrine prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, if their enforcement would work fraud and injustice. An estoppel has not been established in this case, because the respondent has offered no proof that at the time he engaged in the conduct complained of, he relied upon the petitioner’s past failures to enforce the order as evidence that she would not seek to enforce the order in future. He has also failed to establish that the petitioner fraudulently or inequitably omitted to enforce her rights, with the purpose of inducing the respondent’s future violation of her rights in order to seek his punishment. While the doctrine of estoppel is not applicable in the present case, the related doctrine of waiver should be considered by the court (57 NY Jur 2d, Estoppel, Ratification, and Waiver, § 15, at 21).
Unlike estoppel, the doctrine of waiver requires no detrimental reliance by the party asserting it. A waiver is predicated upon the intention of the party against whom the *300 doctrine is asserted, and consists simply of a voluntary relinquishment of a right with knowledge of all the facts.
The doctrine of waiver has been applied in contempt proceedings. For example, a spouse who received alimony of $50 per month for several years instead of $100 per month as provided in a final decree of divorce was held upon such facts to have waived her right to punish her former spouse for contempt grounded upon his past noncompliance with the court’s order. (Thompson v Thompson, 197 App Div 228.) The court noted, however, that the plaintiff’s past waiver did not entitle the defendant to disregard the mandate of the court in future: "But the defendant is now advised that the plaintiff insists upon payments as directed by the judgment. If he is entitled to any modification of the judgment, as to which no opinion is expressed, he must make application to the court.” (Supra, at 230.)
In the present case, the order secures to the petitioner not merely the payment of money, but freedom from assault, menacing, and other offenses by the respondent against her person, privacy and sensibilities. By their special nature, the laws which define family offenses protect interests which are at once, public and private. (Family Ct Act § 812 [1].)
The petitioner does not here seek to have the respondent dealt with for having been at her residence during those many times to which she consented and acquiesced. The question of whether or not she waived her rights to enforce the order as to such past times is not presented to the court.
Instead, she presents contemptuous conduct of the respondent which occurred after a period of cohabitation had terminated by her departure from the home to another dwelling, and after making known to the respondent in clear and unequivocal terms, that she objected to his presence. It is also clear that she did not consent to being pushed to the floor so that the respondent could have sexual intercourse with her after she refused his demand.
The validity of the court’s order was in no way impaired, affected, nor nullified, by the petitioner’s consensual cohabitation with the respondent after entry of the order. As stated in the order itself, the order remains in full force and effect until such time, if at all, as the order is modified or terminated by a future order of a court having competent jurisdiction.
The court holds that acquiescence by a petitioner in cohabitation by a respondent after an order of protection is issued does not constitute a waiver by the petitioner of the right to *301 be free from intrusions by the respondent after cohabitation terminates, upon either the rights of safety or the rights of privacy secured by the order. A victim of domestic violence who has procured an order of protection is entitled to the court’s protection from further violence throughout the duration of an order of protection, even if the victim is desirous of pursuing a goal of voluntary reconciliation with the offender. Attempts to salvage the otherwise beneficial aspects of a relationship which is afflicted by unlawful behavior would be discouraged if the law permitted the very attempt of salvation to result in a loss of protection from the sinister aspect. The law does not impair an individual’s choice to pursue a relationship with one whose prior conduct has evinced a need for judicial limits upon destructive behavior.
A respondent who perceives peril in the potential for manipulative use of a protective order by a petitioner may invoke a simple and effective remedy to avoid such manipulation, by application for vacatur or appropriate modification of the order.
By staying at the petitioner’s apartment after being clearly told by the petitioner to leave on March 21, 1990, the respondent violated subdivision "3” of the court’s order of protection dated April 7, 1989. By staying in the presence of the petitioner after clearly being told to leave on March 21, 1990, the respondent violated subdivision "2” of the order of protection dated April 7, 1989. By pushing the petitioner to the floor on March 21, 1990, after she refused to have sexual intercourse with him, it is clear that the respondent intended to cause alarm to the petitioner by engaging in violent and threatening behavior, and the respondent thereby engaged in disorderly conduct toward the petitioner in violation of subdivision "1” of the court’s order of protection dated April 7, 1989. The respondent is also guilty of harassment toward the petitioner in violation of subdivision "1” of the order of protection dated April 7, 1989, by having shoved or otherwise subjected her to physical contact in pushing her to the floor, with the obvious intent to alarm her.
For these unlawful intrusions upon the petitioner’s rights secured by the order, and bearing in mind that physical injury to the petitioner was not intended and did not occur, the court finds that a reasonable punishment for the respondent’s contempt is commitment to the Delaware County Jail for a period of 45 days.