■ Christopher Ramo et al., Respondents, v Jose Serrano et al., Defendants, and St. Anthony's High School, Appellant. [754 NYS2d 336] —In an action, inter alia, to recover damages for personal injuries, the defendant St. Anthony's High School appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 6, 2002, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the defendant St. Anthony's High School, and the action against the remaining defendants is severed.

On October 9, 1996, at approximately 8:10 A.M., the infant plaintiff, a 17-year-old senior at the defendant St. Anthony's High School (hereinafter St. Anthony's), allegedly sustained serious injuries when he was involved in an automobile accident with the defendant Jose Serrano. At the time of the accident, the infant plaintiff was driving his father's motor vehicle to Melville Bowl (hereinafter the bowling alley) to participate in a gym class. The gym class, which was scheduled to begin at 8:20 A.M., was the infant plaintiff's first class of the day. The infant plaintiff was not required to report to the school before going to the bowling alley. School attendance was to be taken at the bowling alley.

The infant plaintiff and his father Stephen Ramo commenced this action against, among others, St. Anthony's. St. Anthony's moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied St. Anthony's motion. We reverse.

Before a defendant may be held liable for negligence, it must be shown that the defendant owed a duty to the plaintiff (*see Strauss v Belle Realty Co.,* 65 NY2d 399; *Pulka v Edelman,* 40 NY2d 781; *Palsgraf v Long Is. R.R. Co.,* 248 NY 339; *Lugo v Brentwood Union Free School Dist.,* 212 AD2d 582, 583; *Anderson v Carbonaro,* 133 AD2d 92). A school's duty "is strictly limited by time and space" and exists "only so long as a student is in its care and custody during school hours" (*Norton v Canandaigua City School Dist.,* 208 AD2d 282, 285), or if a specific statutory duty has been imposed (*see Chainani v Board of Educ. of City of N.Y.,* 87 NY2d 370; *Pratt v Robinson,* 39 NY2d 554, 560; *Womack v Duvernay,* 229 AD2d 488). The school's duty is coextensive with and concomitant to its physical custody of and control over the child (*see Pratt v Robinson, supra* at 560; *see also Mirand v City of New York,* 84 NY2d 44, 49-50; *Reed v Pawling Cent. School Dist.,* 245 AD2d 281).

St. Anthony's established its entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiffs did not raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557). The infant plaintiff was not under the physical custody and control of St. Anthony's when the accident occurred (*see Silver v Cooper,* 199 AD2d 255, 256). Since the accident occurred before school hours, St. Anthony's owed no duty to the infant plaintiff (*Phillipe v City of N.Y. Bd. of Educ.,* 254 AD2d 339). Accordingly, summary judgment should have been granted to St. Anthony's. Krausman, J.P., Friedmann, Mastro and Rivera, JJ., concur.