Joseph **CARROLL**, Appellant,

v.

Sheldon **WEINSTEIN**, et al., Respondents.

No. ED 82831.

Missouri Court of Appeals, Eastern District, Division Five.

July 29, 2003.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

Stephen Bruce Evans, St. Louis, MO, c/o Theodore Armstrong, Deeba, Sauter & Herd, Edwardsville, IL, for Appellant.

Lawrence Robert Smith, Brinker & Doyen, Clayton, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

Joseph Carroll (Appellant) appeals from an order granting Respondents' motion to dismiss and dismissing his petition without prejudice. Because the order is not denominated a judgment as required by Rule 74.01(a),[1] we dismiss the appeal for lack of jurisdiction.

Appellant filed suit against Respondents for legal malpractice and breach of fiduciary duty. Appellant had an accident on March 14, 1994 and retained Respondents to represent him on January 10, 1996. Appellant brought his suit against Respondents alleging that they failed to timely commence action against his insurer, because Appellant's insurance policy requires that any action against it be brought with-

in two years from the accident. Respondents filed a motion to dismiss and a motion for summary judgment, alleging that the two-year provision of the insurance policy was void under Missouri law and that action could be commenced within ten years. The trial court granted Respondents' motion to dismiss and dismissed Appellant's petition without prejudice, concluding that Appellant's cause of action against Respondents was premature. This appeal ensued.

■ An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020, RSMo 2000. In a civil case, a judgment is a writing both signed by a judge and expressly denominated a "judgment." Rule 74.01(a); *Am. Motorists Ins. Co. v. Moore*, 958 S.W.2d 94, 95 (Mo.App. E.D.1997). In designating the writing a "judgment," it must be clear from the writing that the trial court is calling the document or docket sheet entry a judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

■ We must determine *sua sponte* whether we have jurisdiction. *Fischer v. City of Washington*, 55 S.W.3d 372, 377 (Mo.App. E.D.2001). If we lack jurisdiction to entertain an appeal it should be dismissed. *Id.* Here, the order dismissing Appellant's petition without prejudice is not denominated a judgment anywhere on the writing or in the docket sheet entry. As a result, there is no final, appealable judgment. *Hughes*, 950 S.W.2d at 853.

We issued an order directing Appellant to file a supplemental legal file with a copy of a judgment that complies with Rule 74.01(a) or to show cause why the appeal should not be dismissed. Appellant filed a response to our order conceding that the trial court order has not been denominated

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

a judgment as required by Rule 74.01(a). Appellant asks this Court to carve out an exception to Rule 74.01(a), contending that he "cannot seek a final judgment that complies with Rule 74.01(a) because, in the most unlikely event the lower court's order is correct, that order dismissing his cause of action *without prejudice* will permit him to refile against the Respondents . . . ." (emphasis in original).

We do not address whether Appellant may refile against Respondents. In any event, this Court is unable to provide an exception to Rule 74.01(a), a procedural rule promulgated by the Missouri Supreme Court. In *Hughes,* the Missouri Supreme Court stated that "[t]he requirement that a trial court must 'denominate' its final ruling as a 'judgment' is not a mere formality. It establishes a 'bright line' test as to when a writing is a judgment." *Id.; see also, Brooks v. Brooks,* 98 S.W.3d 530, 532 (Mo. banc 2003). The order dismissing Appellant's petition must be denominated a judgment or this Court lacks jurisdiction. *Jon E. Fuhrer Co. v. Gerhardt,* 955 S.W.2d 212, 213 (Mo.App. E.D.1997).

We dismiss the appeal for lack of final, appealable judgment.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.