■ In the Matter of AMY SARMUKSNIS, Appellant, v KEVIN PRIEST, Respondent. [800 NYS2d 28]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Heffernan, J.), dated March 31, 2004, which, after a hearing, dismissed the petition.

Ordered that the order is modified, on the law and the facts, by deleting the provisions thereof dismissing those branches of the petition alleging violations of the order of protection on January 21, 2003, January 31, 2003, April 8, 2003, July 8, 2003, and September 9, 2003, and the commission of the family offense of disorderly conduct on November 5, 2002, January 31, 2003, and April 8, 2003, and substituting therefor provisions finding that the respondent violated the order of protection on January 21, 2003, January 31, 2003, April 8, 2003, July 8, 2003, and September 9, 2003, and committed the family offense of disorderly conduct on November 5, 2002, January 31, 2003, and April 8, 2003; as so modified, the order is affirmed, without costs or disbursements, those branches of the petition alleging violations of the order of protection on January 21, 2003, January 31, 2003, April 8, 2003, July 8, 2003, and September 9, 2003, and the commission of the family offense of disorderly conduct on November 5, 2002, January 31, 2003, and April 8, 2003, are reinstated, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing and the entry of an appropriate order of disposition.

The Family Court erred in determining that the petitioner failed to establish by a fair preponderance of evidence that the respondent violated the order of protection then in effect. Rather, the petitioner established that on five occasions the respondent willfully violated the order of protection by approaching the appellant and engaging in intimidating and abusive behavior (see Family Ct Act § 846-a; Matter of Leighton-Ryan v Ryan, 274 AD2d 775 [2000]; Lewin v Lewin, 124 AD2d 730 [1986]).

The court's determination was based on its erroneous interpretation of a visitation order as allowing the respondent father to approach the appellant when she came to pick up the child after visits. Such an interpretation would have nullified the protections afforded the appellant by the order of protection's stay-away provisions. The order of protection ordered the respondent to "stay away" from the appellant, not just to refrain

from assaulting or threatening to assault her. The respondent's verbal abuse in close proximity to the appellant constituted "unlawful intrusions upon the [appellant's] rights secured by the order" (*Matter of Cole v Cole*, 147 Misc 2d 297, 301 [1990]).

The court also misconstrued the statutes defining the family offense of disorderly conduct (*see* Penal Law § 240.20 [1], [3]; Family Ct Act § 812 [1]; McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98; *Matter of Notre Dame Leasing v Rosario*, 2 NY3d 459, 464 [2004]; *Heard v Cuomo*, 80 NY2d 684, 689 [1993]). Consequently, the court erroneously concluded that the respondent's conduct, which, on one occasion, included chasing the appellant to her car while screaming obscenities at her, did not constitute the family offense of disorderly conduct.

The appellant's remaining contentions are without merit. Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.