Timothy TRUSS and Kelley Truss, Appellants,

v.

LUTHERAN SOUTH HIGH SCHOOL ASSOCIATION OF ST. LOUIS, et al., Respondents.

No. ED 86513.

Missouri Court of Appeals, Eastern District, Division Three.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2006.

Application for Transfer Denied Sept. 26, 2006.

Mark A. Gonnermann, St. Louis, MO, for appellant.

Robert Joseph Wulff, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Timothy Truss and Kelley Truss (collectively, "Parents") appeal from the trial court's grant of summary judgment to Lutheran South High School Association of St. Louis, Paul Buetow, Daniel Harms, and

Kenneth Bauer (collectively, "School"). Parents' daughter, Amanda Truss ("Daughter"), was killed in a tractor-trailer car collision. This is a companion case to *Theresa Davis and Richard Davis v. Lutheran South High School Association of St. Louis, et al.*, ED86449, 2006 WL 1735211, 200 S.W.3d 163, both of which arise out of the same set of facts.

The opinion in *Davis* is being handed down simultaneously with this case and it would serve no jurisprudential purpose to repeat the points relied on. Parents raise three points on appeal, alleging the School breached its duty to organize and plan a school sponsored activity in a reasonably safe manner; thereby releasing Daughter into a potentially hazardous situation. Here, the record reveals that Parents permitted Daughter to attend the girls' softball championship game. Further, Ms. Truss was aware that Daughter entered Brian Miller's car on the morning of October 19, 2001 at the Parents' home and was driving to Columbia with him and other students to the game.

We have discussed at length in *Davis* case the issue of whether the School had a duty to supervise and/or provide bus transportation to spectator students en route to Columbia, Missouri. We find that under the facts and circumstances of this case, the School did not have physical custody and control over Daughter while she was traveling to Columbia, Missouri, and therefore, no duty between her and the School existed at the time of the accident. *See Pratt v. Robinson*, 39 N.Y.2d 554, 384 N.Y.S.2d 749, 349 N.E.2d 849 (1976); *Ramo v. Serrano*, 301 A.D.2d 640, 754 N.Y.S.2d 336 (N.Y.App.Div.2003). We find the trial court did not err in granting summary judgment in favor of the School.

AFFIRMED.

KATHIANNE KNAUP CRANE, P.J., and LAWRENCE E. MOONEY, J., Concur.