■ ANDRE STAGG et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [833 NYS2d 188]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated January 19, 2006, which granted that branch of the motion of the defendants City of New York and New York City Board of Education, sued herein as New York City Department of Education, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On May 3, 2004 at approximately 4:00 P.M. the infant plaintiff, Andre Stagg, then 15 years of age, was on his way home from school when he was assaulted by a fellow student of the East New York Transit Technical High School upon exiting from the "A" train onto the Utica Avenue subway platform in Brooklyn,

New York. The plaintiffs' complaint alleged, inter alia, that the defendants City of New York (hereinafter the City) and New York City Board of Education, sued herein as New York City Department of Education (hereinafter the Board of Education), were negligent in failing to provide "adequate security and to protect students from foreseeable criminal activity."

With respect to the contention that the Board of Education may be liable for the infant's injures, we note that a school's duty is coextensive with, and concomitant with, its physical custody and control over a child (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370 [1995]). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]). "As a result, where a student is injured off school premises, there can generally be no actionable breach of a duty that extends only to the boundaries of school property" (*Tarnaras v Farmingdale School Dist.*, 264 AD2d 391, 392 [1999]; *see also Harker v Rochester City School Dist.*, 241 AD2d 937 [1997]). Under the circumstances of this case, the Board of Education may not be held liable for the infant plaintiff's injuries. Nor is there a basis to impose liability upon the City, since there is no proof that the City affirmatively assumed a duty to protect the infant plaintiff from criminal activity (*see Cuffy v City of New York*, 69 NY2d 255 [1987]; *Conde v City of New York*, 24 AD3d 595 [2005]).

Accordingly, the Board of Education and the City both demonstrated their prima facie entitlement to judgment as a matter of law. In opposition thereto, the plaintiffs failed to raise a triable, material issue of fact, and thus the Supreme Court properly granted that branch of the motion of these defendants which was for summary judgment dismissing the complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

The plaintiffs did not demonstrate that additional discovery should have taken place prior to a determination of the motion for summary judgment, since they did not articulate any nonspeculative basis to believe that such discovery might yield evidence warranting a different disposition herein (*see Rosario v New York City Tr. Auth.*, 8 AD3d 147, 148 [2004]; *Hernandez v Yonkers Contr. Co.*, 292 AD2d 422, 424 [2002]; *Rodgers v Yale Univ.*, 283 AD2d 415, 416 [2001]). Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.