**Timothy TRUSS, et al.,**
**Plaintiffs/Appellants,**

v.

**LUTHERAN HIGH SCHOOL ASSO-CIATION OF ST. LOUIS, et al.,**
**Defendants/Respondents.**

**No. ED 89257.**

Missouri Court of Appeals,
Eastern District,
Division Five.

April 10, 2007.

Mark A. Gonnermann, St. Louis, MO, for appellant.

Robert Joseph Wulff, St. Louis, MO, for respondent.

BOOKER T. SHAW, Chief Judge.

Timothy Truss and Kelley Truss (Parents) appeal from an order awarding costs to Lutheran South High School Association of St. Louis, Paul Buetow, Daniel Harms, and Kenneth Bauer (School). The trial court had previously granted School's motion for summary judgment in this lawsuit which arose after Parents' daughter was killed in a tractor-trailer car collision. This Court affirmed the grant of summary judgment. *Truss v. Lutheran South High School Ass'n of St. Louis*, 200 S.W.3d 169 (Mo.App. E.D.2006). After the mandate issued in that case, the trial court granted School's motion for costs and entered an order taxing the costs against Parents. Parents have now appealed from this order.

■ This Court must determine its jurisdiction *sua sponte*. *Carroll v. Weinstein*, 138 S.W.3d 744, 745 (Mo.App. E.D. 2003). If this Court lacks jurisdiction to entertain an appeal, it should be dismissed. *Id.* A prerequisite to an appeal is that there be a "judgment" as defined by Rule 74.01(a). The order in question was not denominated a "judgment" under Rule 74.01(a). A judgment on a motion for costs after judgment may be an appealable special order within the meaning of section 512.020(5), RSMo Cum.Supp.2006. *See, Chaney v. Gray*, 898 S.W.2d 577, 583 (Mo. App. W.D.1995). However, the Missouri Supreme Court has held that special orders after final judgment must still be denominated "judgment" as required by Rule 74.01(a). *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003). Unless it is denominated "judgment," it is not final and appealable. *City of St. Louis v. Hughes*, 950 S.W.2d 850 (Mo. banc 1997).

We issued an order directing Parents to show cause why their appeal should not be dismissed and providing them with an opportunity to obtain a "judgment" from the trial court. However, Parents have not filed a "judgment" nor have they filed a response to the order to show cause. Without a document denominated "judgment," there is no final, appealable judgment and we can only dismiss the appeal. *Id.*

The appeal is dismissed for lack of a final, appealable judgment.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., concur.