■ ANTHONY FOTIADIS et al., Appellants, v CITY OF NEW YORK et al., Defendants, and SAMUEL FIELD YM AND YWHA, Respondent. [853 NYS2d 591]—

After his dismissal from middle school on April 16, 2004, the infant plaintiff disregarded his mother's instructions to attend the after-school program run by the defendant Samuel Field YM and YWHA (hereinafter the Y) and went directly to a park, where he fell from a swing and fractured his right leg.

A school's duty to adequately supervise a student is "coextensive" with its physical custody of and control over the student (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]; *see Chalen v Glen Cove School Dist.*, 29 AD3d 508, 509 [2006]; *Ramo v Serrano*, 301 AD2d 640 [2003]; *Bowers v City of New York*, 294 AD2d 526 [2002]). The Y established its entitlement to summary judgment by demonstrating that the infant plaintiff was injured when he was beyond the "orbit" of its authority (*see Pratt v Robinson*, 39 NY2d at 560), and that the Y's failure to notify the infant's mother that the infant plaintiff was not attending the after-school program was not the proximate cause of his injuries (*see generally Derdiarian v Felix Contr. Corp.*, 51 NY2d 308 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the Y's motion which was for summary judgment dismissing the complaint insofar as asserted against it (*see Chalen v Glen Cove School Dist.*, 29 AD3d 508 [2006]; *Ramo v Serrano*, 301 AD2d 640 [2003]).

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Miller, Dillon and Belen, JJ., concur.