■ ANTHONY PISTOLESE et al., Respondents, v WILLIAM FLOYD UNION FREE DISTRICT, Appellant. [895 NYS2d 125]—

In late June 2008, on the last day of the school year, the infant plaintiff allegedly was assaulted by other youths, as he walked home from school with friends rather than ride a school bus. The incident allegedly occurred along Montauk Highway, some 30 minutes after the infant plaintiff left the school grounds. Although this was a pre-answer motion, under the facts of this case, the Supreme Court should have treated it as one for summary judgment pursuant to CPLR 3211 (c) since the defendant not only requested such treatment, but both the defendant and the plaintiffs deliberately charted a summary judgment course (*see Mihlovan v Grozavu*, 72 NY2d 506, 508 [1988]; *see generally McNamee Constr. Corp. v City of New Rochelle*, 29 AD3d 544, 545 [2006]).

While schools are under a duty to adequately supervise the students in their charge, they are not insurers of the safety of their students (*see Vernali v Harrison Cent. School Dist.*, 51 AD3d 782, 783 [2008]; *Maldonado v Tuckahoe Union Free School Dist.*, 30 AD3d 567, 568 [2006]; *Chalen v Glen Cove School Dist.*, 29 AD3d 508, 509 [2006]). "[A] school's duty is coextensive with, and concomitant with, its physical custody and control over a child" (*Stagg v City of New York*, 39 AD3d 533, 534 [2007]) and its "custodial duty ceases once the student has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection" (*Vernali v Harrison Cent. School Dist.*, 51 AD3d at 783; *see Pratt v Robinson*, 39 NY2d 554, 560 [1976]).

Here, the incident occurred at a time when the injured plaintiff was no longer in the defendant's custody or under its control and was, thus, outside of the orbit of its authority. Accordingly, the defendant demonstrated its prima facie entitlement to judgment as a matter of law (*see Fotiadis v City of New York*, 49 AD3d 499 [2008]; *Stagg v City of New York*, 39 AD3d

533, 534 [2007]; *Morning v Riverhead Cent. School Dist.*, 27 AD3d 435, 436 [2006]; *Ramo v Serrano*, 301 AD2d 640, 641 [2003]).

In opposition, the plaintiffs failed to raise a triable issue of fact. They also failed to articulate any nonspeculative basis to believe that discovery might yield evidence warranting a different result (*see Stagg v City of New York,* 39 AD3d at 534). Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.