■ JERMAINE WINTER et al., Appellants, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [704 NYS2d 142] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated January 3, 2000, which, upon an order of the same court, dated September 27, 1998,

granting the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, to dismiss the complaint, is in favor of the defendants and against them, dismissing the complaint. The plaintiffs' notice of appeal from the order dated September 27, 1998, is deemed a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The infant plaintiff was injured when a fellow elementary school student slashed him in the face with a razor during an altercation just outside the school building after dismissal. At trial, the defendants moved to dismiss the complaint at the close of the plaintiffs' case, contending that the plaintiffs had failed, as a matter of law, to establish that the defendants had breached a duty of care owed to the infant plaintiff, or that any breach was a proximate cause of the infant plaintiff's injuries. The trial court granted the motion.

Schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see, Mirand v City of New York,* 84 NY2d 44; *Pratt v Robinson,* 39 NY2d 554, 560). Here, the evidence that the plaintiffs adduced at trial was insufficient as a matter of law to prove that the infant plaintiff was within the school's custody and control at the time of the altercation, and that the defendants therefore owed him a duty of adequate supervision. Accordingly, the defendants' motion for judgment in their favor as a matter of law was properly granted. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.