■ GERARD J. VERNALI et al., Respondents, v HARRISON CENTRAL SCHOOL DISTRICT et al., Appellants, et al., Defendant. [857 NYS2d 699]—

In an action to recover damages for personal injuries, the defendants Harrison Central School District and Louis M. Klein Middle School appeal from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered November 27, 2007, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and

the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is granted.

The infant plaintiff, a 12-year-old boy, allegedly sustained injuries when he was struck by a car while running across the street, in the rain, after being dismissed from school. The plaintiffs alleged, inter alia, that the defendants Harrison Central School District and Louis M. Klein Middle School (hereinafter the appellants) were negligent in dismissing the infant plaintiff in an area that they knew was hazardous.

The infant plaintiff called his mother on his cellular phone when he was released from school. The mother told him that she was parked on the street across from the school. The mother waved to the infant plaintiff and directed him to her car. At one corner of the street there was a stop sign, crossing guard, and crosswalk. At the other corner there was a traffic signal and a crosswalk. The infant plaintiff chose to cross in the middle of the street at the direction of and under the supervision of his mother, rather than at the supervised area located on school property designated by the school district for the pick-up and discharge of students.

A school is not an insurer of the safety of its students (*see Tarnaras v Farmingdale School Dist.,* 264 AD2d 391 [1999]). Its duty of care stems from effectively taking the place of parents and guardians and is "coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson,* 39 NY2d 554, 560 [1976]; *see Chainani v Board of Educ. of City of N.Y.,* 201 AD2d 693 [1994], *affd* 87 NY2d 370 [1995]). A school's custodial duty ceases once the student has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection (*see Pratt v Robinson,* 39 NY2d at 560). Generally, a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority (*see Bertrand v Board of Educ. of City of N.Y.,* 272 AD2d 355 [2000]).

The appellants established, prima facie, their entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against them upon the ground that they did not owe a duty to the infant plaintiff because he was not on school property and was under the control of his mother (*id.*). In opposition, the plaintiffs failed to demonstrate the existence of a triable issue of fact.

Moreover, there is nothing in the record to indicate that the appellants did not provide a safe place for dismissal or that the appellants created a hazard which could extend their duty to

supervise (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 672 [1999]). Skelos, J.P., Covello, Eng and Leventhal, JJ., concur.