■ TIFFANY HERNANDEZ, an Infant, by Her Father and Natural Guardian, WILFREDO HERNANDEZ, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [47 NYS3d 362]—

In an action to recover damages for personal injuries, the

plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), entered June 5, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The infant plaintiff and her father (hereinafter together the plaintiffs) were allegedly assaulted outside of the infant plaintiff's school by students of the school. The assaults took place approximately 30 to 100 feet beyond the school's entrance, and off school grounds. The plaintiffs commenced this action against the defendants City of New York, the New York City Department of Education, and the school (hereinafter collectively the defendants), alleging that they were negligent in failing to provide the infant plaintiff with adequate supervision and in failing to provide both plaintiffs with adequate security.

With respect to the contention that the defendants may be liable for the infant plaintiff's injuries, a school's duty is coextensive with, and concomitant with, its physical custody and control over a child (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370 [1995]; Pratt v Robinson, 39 NY2d 554, 560 [1976]; Begley v City of New York, 111 AD3d 5 [2013]). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (Pratt v Robinson, 39 NY2d at 560). "As a result, where a student is injured off school premises, there can generally be no actionable breach of a duty that extends only to the boundaries of school property" (Tarnaras v Farmingdale School Dist., 264 AD2d 391, 392 [1999]; see Bertrand v Board of Educ. of City of N.Y., 272 AD2d 355 [2000]). Here, the defendants established, prima facie, that they may not be held liable for the infant plaintiff's injuries since, at the time of the subject incident, the infant plaintiff was no longer in their custody or under their control and was, thus, outside the orbit of their authority (see Pistolese v William Floyd Union Free Dist., 69 AD3d 825 [2010]; Stagg v City of New York, 39 AD3d 533 [2007]; Bertrand v Board of Educ. of City of N.Y., 272 AD2d 355 [2000]; Winter v Board of Educ. of City of N.Y., 270 AD2d 343 [2000]; see also Johnson v Rochester City Sch. Dist., 101 AD3d 1641 [2012]; Marcano v City of New York, 305 AD2d 223 [2003]).

Nor is there a basis to impose liability upon the defendants for the injuries sustained by the infant plaintiff or her father for failure to provide adequate security, since the defendants

demonstrated that they did not affirmatively assume a duty to protect either plaintiff from criminal activity which occurred off the school premises (*see Cuffy v City of New York*, 69 NY2d 255 [1987]; *Conde v City of New York*, 24 AD3d 595 [2005]).

Accordingly, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint. In opposition thereto, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Cohen, Maltese and Barros, JJ., concur.