■ JAKE DONOFRIO, an Infant, by His Father and Natural Guardian, ALBERT DONOFRIO, et al., Appellants, v ROCKVILLE CENTRE UNION FREE SCHOOL DISTRICT et al., Respondents, et al., Defendants. [52 NYS3d 378]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Parga, J.), entered April 7, 2015, as granted that branch of the motion of the defendants Rockville Centre Union Free School District and Southside Middle School which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of a judgment of the same court dated April 27, 2015, as, upon the order, is in favor of the defendants Rockville Centre Union Free School District and Southside Middle School and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Rockville Centre Union Free School District and Southside Middle School.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On December 17, 2012, the 12-year-old infant plaintiff, a seventh-grade student at the defendant Southside Middle School within the defendant Rockville Centre Union Free School District (hereinafter together the defendants), allegedly sustained injuries when he was struck by a car while crossing Lakeview Avenue, at or near its intersection with North Forest Avenue, in Rockville Centre, after being dismissed from school. Prior to the accident, the infant plaintiff had attempted to board the school bus, but he was denied entry because he did not have his bus pass. The infant plaintiff immediately called

his mother and they agreed that she would meet him halfway home. As the infant plaintiff was walking home on Lakeview Avenue, which was located about a block from the school, his mother called him back and told him to cross Lakeview Avenue. The infant plaintiff attempted to cross the avenue and was struck by a vehicle operated by the defendant Guiseppe DiPaolo.

A school's duty to supervise the students in its charge arises from its physical custody and control over them (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 378 [1995]; *Hernandez v City of New York*, 147 AD3d 821 [2017]; *Begley v City of New York*, 111 AD3d 5, 23 [2013]). "When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases" (*Pratt v Robinson*, 39 NY2d 554, 560 [1976]; *see Pistolese v William Floyd Union Free Dist.*, 69 AD3d 825, 826 [2010]). "Generally, a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority" (*Vernali v Harrison Cent. School Dist.*, 51 AD3d 782, 783 [2008]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the infant plaintiff had left school grounds with the permission of his mother and, thus, was no longer in the defendants' custody or under their control and was outside the orbit of their authority (*see Hernandez v City of New York*, 147 AD3d at 821; *Pistolese v William Floyd Union Free Dist.*, 69 AD3d at 826; *Vernali v Harrison Cent. School Dist.*, 51 AD3d at 783). The defendants also demonstrated, prima facie, that the infant plaintiff was not released into a foreseeably hazardous setting that the defendants had a hand in creating (*see Diaz v Brentwood Union Free Sch. Dist.*, 141 AD3d 556, 558 [2016]; *cf. Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 672 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Hall, Roman and Brathwaite Nelson, JJ., concur.