Deng v Young (2018 NY Slip Op 05414)





Deng v Young


2018 NY Slip Op 05414


Decided on July 25, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


682 CA 18-00081

[*1]MARY G. DENG, AS PARENT AND NATURAL GUARDIAN OF FARIS MOHAMED, AN INFANT, PLAINTIFF-APPELLANT,
v
BEAU J. YOUNG, DEFENDANT, SYRACUSE CITY SCHOOL DISTRICT AND WEBSTER ELEMENTARY SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS. 






WILLIAM MATTAR, P.C., WILLIAMSVILLE (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
MEGGESTO, CROSSETT & VALERINO, LLP, SYRACUSE (JAMES A. MEGGESTO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered November 20, 2017. The order granted the motion of defendants Syracuse City School District and Webster Elementary School District for summary judgment and dismissed the complaint against those defendants. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendants Syracuse City School District and Webster Elementary School District.
Memorandum: Plaintiff's son (hereafter, child) was a student at Webster Elementary School, improperly sued as Webster Elementary School District, which is located in the Syracuse City School District (collectively, defendants). On September 16, 2010, the child, who was then eight years old, missed his after-school bus and was allegedly told by school personnel to walk home, even though his home was located over two miles away from the school. While walking home, the child was struck by a car and suffered a fractured skull.
Plaintiff then commenced this negligence action to recover for the child's injuries. Defendants thereafter moved for summary judgment dismissing the complaint against them, and Supreme Court granted the motion. We now reverse, deny the motion, and reinstate the complaint against defendants.
"[A]lthough a school district's duty of care toward a student generally ends when it relinquishes custody of the student, the duty continues when the student is released into a potentially hazardous situation, particularly when the hazard is partly of the school
district's own making" (Ernest v Red Cr. Cent. Sch. Dist., 93 NY2d 664, 671 [1999], rearg denied 93 NY2d 1042 [1999]). "Thus, while a school has no duty to prevent injury to schoolchildren released in a safe and anticipated manner, the school breaches a duty when it releases a child without further supervision into a foreseeably hazardous setting it had a hand in creating" (id. at 672). Contrary to defendants' contention and the court's holding, Ernest does not limit a school's liability to injuries that occur near school grounds. Rather, a "school district's duty of care requires continued exercise of control and supervision in the event that release of the child poses a foreseeable risk of harm," irrespective of the physical distance between the school and the location of the reasonably foreseeable risk (id.).
Here, plaintiff raised a triable issue of fact concerning whether defendants, in violation of their own policies and procedures, released the child into a "foreseeably hazardous setting" partly of their own making and thereby breached their duty of care (id.). Specifically, the child testified at his deposition that, after he missed the bus, he approached a school employee, who told him to [*2]walk home. That employee, according to plaintiff, did not accompany the child to the main office to attempt to call the bus back or to arrange other transportation. The child testified that, instead, the employee simply left him alone with no further instructions. The child also testified that he attempted to reenter the school, as defendants had previously instructed him to do in such a situation, but that no one answered the buzzer. The credibility of the child's account is, of course, for the factfinder at trial (see Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2012]).
Notably, the child did not have parental permission or direction to walk home, and he did not typically walk to or from school. Thus, our holding herein should not be construed to apply in circumstances where a student is injured while walking to or from school with parental consent or as part of his or her normal routine (see e.g. Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805, 805-806 [2d Dept 2017]).
Finally, and contrary to defendants' remaining contention, we conclude that "[p]laintiff's proof also created a triable issue on proximate cause" (Ernest, 93 NY2d at 674). Thus, under the unique circumstances of this case, the court erred in granting defendants' motion.
Entered: July 25, 2018
Mark W. Bennett
Clerk of the Court