Boyle v Brewster Cent. Sch. Dist. (2022 NY Slip Op 05514)

Boyle v Brewster Cent. Sch. Dist.

2022 NY Slip Op 05514

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-12534
 (Index No. 501020/17)

[*1]Laura Boyle, etc., appellant, 
v
Brewster Central School District, et al., respondents.

The Post Law Firm, PLLC, Suffern, NY (Craig A. Post of counsel), for appellant.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents Brewster Central School District, Kieran Stack, and Danielle Sullivan.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas Vevante of counsel), for respondent PNWBOCES. 
In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated October 18, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Brewster Central School District, Kieran Stack, and Danielle Sullivan, and the defendant

DECISION & ORDER
PNWBOCES, also known as Putnam Northern Westchester Board of Cooperative Educational Services, which were for summary judgment dismissing the first, second, third, fourth, and sixth causes of action insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
Andre Boyle (hereinafter the decedent), a 17-year-old high school student, committed suicide on May 24, 2016, while at home, after he had been discharged from school that day and suspended for disciplinary infractions. Thereafter, the plaintiff, the decedent's mother, as the administrator of his estate, commenced this action, inter alia, alleging negligence, breach of in loco parentis duty, respondeat superior, negligent infliction of emotional distress, and wrongful death against the defendants, Brewster Central School District, Kieran Stack, Danielle Sullivan, and PNWBOCES, also known as Putnam Northern Westchester Board of Cooperative Educational Services. The plaintiff alleged, among other things, that the decedent committed suicide as a result of the failure of Brewster Central School District, Stack, and Sullivan to properly supervise students and address the bullying endured by the decedent, and by improperly suspending the decedent. With regard to PNWBOCES, also known as Putnam Northern Westchester Board of Cooperative Educational Services, the plaintiff alleged, inter alia, that it failed to meet minimal educational standards. In an order dated October 18, 2019, the Supreme Court, inter alia, granted those branches of the defendants' separate motions which were for summary judgment dismissing the first, second, third, fourth, and sixth causes of action insofar as asserted against each of them. The plaintiff appeals.
"Under the doctrine that a school acts in loco parentis with respect to its minor students, a school district owes a special duty to the students themselves" (Ferguson v City of New York, 118 AD3d 849, 850 [internal quotation marks omitted]). "Schools are under a duty to adequately supervise the students in their charge and they will be liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). However, schools are not insurers of the safety of their students (see id. at 49), and the duty they owe to their students derives from their physical custody and control over the students (see Pratt v Robinson, 39 NY2d 554, 560; Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805, 806; Diaz v Brentwood Union Free Sch. Dist., 141 AD3d 556, 557). "A school's custodial duty ceases once the student has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection" (Vernali v Harrison Cent. School Dist., 51 AD3d 782, 783). "'Generally, a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority'" (Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d at 806, quoting Vernali v Harrison Cent. Sch. Dist., 51 AD3d at 783). However, the school's duty continues and is breached if the student is released "without further supervision into a forseeably hazardous setting it had a hand in creating" (Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 672; see Chalen v Glen Cove School Dist., 29 AD3d 508, 509).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the decedent committed suicide when he was not on school property and no longer in their custody or under their control (see Diaz v Brentwood Union Free Sch. Dist., 141 AD3d at 558; Bertrand v Board of Educ. of City of N.Y., 272 AD2d 355, 355; Collazo v Hicksville Union Free Sch. Dist., 65 Misc 3d 268 [Sup Ct, Nassau County]; Elissa v City of New York, 44 Misc 3d 526, 528-530 [Sup Ct, Queens County]) and that the defendants did not release the decedent into a foreseeably hazardous situation they had a hand in creating (see Chalen v Glen Cove School Dist., 29 AD3d at 509; cf. Ernest v Red Cr. Cent. School Dist., 93 NY2d at 672).
In addition, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not assume a separate special duty of care to protect the decedent and guard against him committing suicide (see Cuffy v City of New York, 69 NY2d 255, 260-261). In any event, the defendants lacked sufficient notice of the possibility of the decedent's suicide to be liable for a breach of any such duty (see Mirand v City of New York, 84 NY2d at 49).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the affidavit of her expert was speculative and conclusory (see Parrino v Rauert, ____ AD3d ____, ____, 2022 NY Slip Op 04970, *1).
The plaintiff's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court