Davila v Orange County (2023 NY Slip Op 01777)

Davila v Orange County

2023 NY Slip Op 01777

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2022-03159
 (Index No. 5666/21)

[*1]Jose Davila, respondent, 
v
Orange County, et al., defendants, Enlarged City School District of Middletown, appellant.

Bond, Schoeneck & King, PLLC, Garden City, NY (John F. McKay III of counsel), for appellant.
Slater Slater Schulman, LLP, Melville, NY (Stephenie Lannigan Bross and Samantha A. Breakstone of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Enlarged City School District of Middletown appeals from an order of the Supreme Court, Orange County (Leonard D. Steinman, J.), dated March 3, 2022. The order, insofar as appealed from, denied those branches of the motion of the defendant Enlarged City School District of Middletown which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligence, negligent hiring, retention, and supervision, and failure to report cases of suspected child abuse as required by Social Services Law § 413 insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2021, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g), alleging that in 1992, when he was a 13-year-old student residing at the McQuade Foundation Boarding School (hereinafter the school), he was sexually abused by an employee of the school. The plaintiff asserted causes of action against, among others, the Enlarged City School District of Middletown (hereinafter the District), inter alia, to recover damages for negligence, negligent hiring, retention, and supervision, and failure to report cases of suspected child abuse as required by Social Services Law § 413. Thereafter, the District moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. In an order dated March 3, 2022, the Supreme Court, among other things, denied those branches of the District's motion which were to dismiss the causes of action alleging negligence, negligent hiring, retention, and supervision, and failure to report cases of suspected child abuse as required by Social Services Law § 413 insofar as asserted against it. The District appeals.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in [*2]determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"'To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages'" (Korsinsky v Rose, 120 AD3d 1307, 1309, quoting Greenberg, Trager & Herbst, LLP v HSBC Bank USA, 17 NY3d 565, 576). "'Schools are under a duty to adequately supervise the students in their charge and they will be . . . liable for foreseeable injuries proximately related to the absence of adequate supervision'" (Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 620, quoting Mirand v City of New York, 84 NY2d 44, 49). "However, schools are not insurers of the safety of their students, and the duty they owe to their students derives from their physical custody and control over the students" (Boyle v Brewster Cent. Sch. Dist., 209 AD3d at 620 [citation omitted]; see Pratt v Robinson, 39 NY2d 554, 560). "A school's custodial duty ceases once the student has passed out of its orbit of authority and the parent is perfectly free to reassume control over the child's protection" (Vernali v Harrison Cent. School Dist., 51 AD3d 782, 783). Although "a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority" (id. at 783), "the school's duty continues and is breached if the student is released 'without further supervision into a forseeably hazardous setting it had a hand in creating'" (Boyle v Brewster Cent. Sch. Dist., 209 AD3d at 621, quoting Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 672).
Contrary to the District's contention, the plaintiff sufficiently alleged that the sexual abuse occurred while the plaintiff was within the "orbit of authority" of the District, and that the District retained a duty to the plaintiff (Vernali v Harrison Cent. School Dist., 51 AD3d at 783). Specifically, the complaint alleged, inter alia, that the District "assumed custody and control over" the plaintiff, acted "in loco parentis," and assumed a "special duty" to the plaintiff due to his "high degree of vulnerability." The complaint alleged that the District had a "non-delegable duty" to monitor the plaintiff's placement at the school, had the right and obligation to "conduct continuing oversight" over the school, and owed a duty to the plaintiff to, among other things, "establish and implement policies and procedures for the prevention of sexual abuse," "perform welfare checks," and ensure that children were not placed in "dangerous conditions, including being subject to sexual . . . abuse." Further, the plaintiff sufficiently alleged that the District breached its duty to the plaintiff by, inter alia, failing to implement and enforce adequate procedures to protect the plaintiff from sexual abuse, failing to adequately supervise the plaintiff, and failing to remove the plaintiff from the school when it "became aware of the sexual abuse." Thus, the plaintiff adequately stated a cause of action alleging negligence against the District.
"Causes of action alleging negligent hiring, negligent retention, or negligent supervision are not statutorily required to be pleaded with specificity" (Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d at 596). Here, the complaint alleged, inter alia, that the individual who allegedly abused the plaintiff had a known propensity to engage in the sexual abuse of children, that the school's staff, including the alleged abuser, were "under the direction of, or answerable to," the District, and that the District was negligent in the hiring, retention, and supervision of the alleged abuser, who was permitted to remain in a position as supervisor and counselor to students despite his propensity for sexual abuse of children. Thus, the plaintiff adequately pleaded a cause of action alleging negligent hiring, retention, and supervision against the District (see Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1105; Boyle v North Salem Cent. Sch. Dist., 208 AD3d at 745).
Social Services Law § 413(1)(a) imposes an obligation on certain school officials to "report or cause a report to be made . . . when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child." Here, the complaint sufficiently alleged that the alleged abuser was legally responsible for the plaintiff's care, that the District had a duty under Social Services Law § 413 to report or cause to report acts of abuse of children in its care, including the plaintiff, and that the District breached that duty by "negligently, knowingly and/or willfully failing to report or causing to report reasonable suspicion of abuse" of the plaintiff (see Matter of Catherine G. v County of Essex, 3 NY3d 175, 179; Matter of Yolanda D., 88 NY2d 790, 796). Thus, the plaintiff adequately pleaded a cause of action alleging failure to report cases of suspected child abuse as required by Social Services Law § 413 against the District.
The District's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the District's motion which were pursuant to CPLR 3211(a)(7) to dismiss the causes of action alleging negligence, negligent hiring, retention, and supervision, and failure to report cases of suspected child abuse as required by Social Services Law § 413 insofar as asserted against it.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court