T. S. v Wappingers Cent. Sch. Dist. (2024 NY Slip Op 04991)

T. S. v Wappingers Cent. Sch. Dist.

2024 NY Slip Op 04991

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2024-00545
 (Index No. 51149/21)

[*1]T. S., appellant, 
v
Wappingers Central School District, et al., respondents.

Herman Law, New York, NY (Stuart S. Mermelstein and Ameer Benno of counsel), for appellant.
Della Jacono & Ross PLLC, White Plains, NY (Kenneth S. Ross of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated December 19, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In this action commenced pursuant to the Child Victims Act (see CPLR 214-g), the plaintiff alleges inter alia, that the defendants negligently failed to prevent sexual abuse perpetrated by the defendants' employee, a teacher, upon the plaintiff from 1974 to sometime in 1976. The defendants moved for summary judgment dismissing the complaint. In an order dated December 19, 2023, the Supreme Court granted the motion. The plaintiff appeals.
"'To establish a cause of action sounding in negligence, a plaintiff must establish the existence of a duty on defendant's part to plaintiff, breach of the duty and damages'" (Davila v Orange County, 215 AD3d 632, 633-634, quoting Korinsky v Rose, 120 AD3d 1307, 1309 [internal quotation marks omitted]). "Although a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority, the school's duty continues and is breached if the student is released without further supervision into a foreseeably hazardous setting it had a hand in creating" (Davila v Orange County, 215 AD3d at 634 [internal quotation marks omitted]; see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 938; Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 620-621).
"'To find that a school district has breached its duty to provide adequate supervision, a plaintiff must show that the district had sufficiently specific knowledge or notice of the dangerous conduct and that the alleged breach was a proximate cause of the injuries sustained'" (R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d 607, 610, quoting Ronan v School Dist. of City of New Rochelle, 35 AD3d 429, 430). "'[T]he plaintiff generally must allege that the school knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable'" (Burdo v Cold Spring Harbor Cent. Sch. Dist., 219 AD3d 1481, 1482, quoting Sullivan v St. Ephrem R.C. Parish Church, 214 AD3d 751, 753; see Kaul v [*2]Brooklyn Friends Sch., 220 AD3d at 938).
Here, the defendants demonstrated, prima facie, that they lacked actual or constructive notice of the teacher's alleged propensity for the conduct that caused the plaintiff's injuries (see Hammill v Salesians of Don Bosco, 228 AD3d 738). The defendants' submissions included, inter alia, a transcript of the plaintiff's deposition testimony, in which the plaintiff testified that all of the sexual abuse occurred off school property and outside of school hours (see Fain v Berry, 228 AD3d 626, 628). In opposition, the plaintiff submitted an affidavit in which she averred, among other things, that she confided in an individual, who was not an employee of the defendants, about the abuse. However, the plaintiff failed to raise a triable issue of fact as to whether the defendants had either actual or constructive notice of the sexual abuse (see R.B. v Sewanhaka Cent. High Sch. Dist., 207 AD3d at 610).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (see id. at 610).
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court