C. M. v West Babylon Union Free Sch. Dist. (2024 NY Slip Op 04954)

C. M. v West Babylon Union Free Sch. Dist.

2024 NY Slip Op 04954

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-10023
 (Index No. 614159/20)

[*1]C. M., appellant,
v
West Babylon Union Free School District, etc., et al., respondents.

Slater Slater Schulman LLP (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
Ingerman Smith LLP, Hauppauge, NY (Christine M. Durant of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated September 29, 2023. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action are denied.
In October 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against the defendants, West Babylon Union Free School District, West Babylon Junior High School, and West Babylon Board of Education, inter alia, to recover damages for negligence. According to the plaintiff, as a child in 1972 and1973, she was repeatedly sexually abused by a music teacher and sexually abused at a motel by an English teacher while attending a junior high school operated by the defendants in West Babylon. The plaintiff alleged, among other things, that the defendants negligently failed to prevent the abuse. The defendants moved, inter alia, for summary judgment dismissing the first cause of action, alleging negligence, and the second cause of action, alleging negligent hiring, retention, and supervision of the teachers on the ground, among others, that the defendants did not have actual or constructive notice of the teachers' alleged propensity to engage in sexual abuse or of the abuse that the teachers allegedly perpetrated. In an order dated September 29, 2023, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action. The plaintiff appeals.
The party moving for summary judgment bears the initial burden of demonstrating its prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 559; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067). "[A]s a general rule, a party does not meet its burden in moving for summary judgment by pointing to gaps in its opponent's proof, but must affirmatively [*2]demonstrate the merit of its claim or defense" (Doe v Orange-Ulster Bd. of Coop. Educ. Servs., 4 AD3d 387, 388-389 [internal quotation marks omitted]; see Jablonsky v Nerlich, 189 AD3d 1561, 1563). Only if the movant meets that standard does the burden then shift to the party opposing summary judgment to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d at 1068).
"'To sustain a cause of action sounding in negligent supervision of a child under the alleged facts of this case, the plaintiff must establish that the defendant had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated'" (Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868, quoting Fuller v Family Servs. of Westchester, Inc., 209 AD3d 983, 984 [internal quotation marks omitted]; see Davila v Orange County, 215 AD3d 632, 633-634).
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846). "To establish a cause of action based on negligent hiring, negligent retention, or negligent supervision [of an employee], it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Hammill v Salesians of Don Bosco, 228 AD3d 738, 739 [internal quotation marks omitted]; see Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d at 868) "and that there exists a connection between the defendant's negligence . . . and the plaintiff's injuries" (Sayegh v City of Yonkers, 228 AD3d at 691 [internal quotation marks omitted]; see Roe v Domestic & Foreign Missionary Socy. of the Prot. Episcopal Church, 198 AD3d 698, 701). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the supervision, hiring and retention of the employee" (Hammill v Salesians of Don Bosco, 228 AD3d at 739 [alterations and internal quotation marks omitted]; see Sayegh v City of Yonkers, 228 AD3d at 691; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846-847).
Moreover, "[a] school has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision. The duty owed derives from the simple fact that a school, in assuming physical custody and control over its students, effectively takes the place of parents and guardians" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723 [citations and internal quotation marks omitted]; see Davila v Orange County, 215 AD3d at 634). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (Fain v Berry, 228 AD3d 626, 627 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [school] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [internal quotation marks omitted]; see Fain v Berry, 228 AD3d at 627-628). "Therefore, actual or constructive notice to the school of prior similar conduct generally is required" (Sayegh v City of Yonkers, 228 AD3d at 691-692 [alterations and internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 845). "However, the adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (Sayegh v City of Yonkers, 228 AD3d at 692 [alterations and internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 845).
Also, "'[a] school's custodial duty ceases once the student has passed out of its orbit [*3]of authority and the parent is perfectly free to reassume control over the child's protection'" (Davila v Orange County, 215 AD3d at 634, quoting Vernali v Harrison Cent. School Dist., 51 AD3d 782, 783). Although "a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority" (Vernali v Harrison Cent. School Dist., 51 AD3d at 783), "the school's duty continues and is breached if the student is released 'without further supervision into a foreseeably hazardous setting it had a hand in creating'" (Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 621, quoting Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 672; see Davila v Orange County, 215 AD3d at 634).
Here, to the extent the complaint is premised on the conduct of the music teacher, the defendants failed to establish, prima facie, that they lacked constructive notice of the music teacher's alleged abusive propensities and conduct (see Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 845; Kwitko v Camp Shane, Inc., 224 AD3d at 896). The defendants' own submissions established that the plaintiff testified that the alleged abuse by the music teacher occurred once or twice a week during the school year (see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 724; Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 636). In light of the frequency of the alleged abuse, the defendants did not eliminate a triable issue of fact as to whether they should have known of the alleged abuse (see Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847-848; see also Hammill v Salesians of Don Bosco, 228 AD3d at 739-740). Additionally, the defendants failed to eliminate triable issues of fact as to whether their supervision of the music teacher or the plaintiff was not negligent (see Sayegh v City of Yonkers, 228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 845).
Although the single incidence of alleged sexual abuse by the English teacher occurred off of school property and outside of school hours, the defendants' own submissions demonstrate that the music teacher introduced the plaintiff to the English teacher, describing the plaintiff as his "friend" and a "good girl," and that, in the presence of the music teacher, the English teacher made arrangements with the plaintiff during school hours and on school grounds to meet after school when the alleged abuse by the English teacher took place (see Fain v Berry, 228 AD3d at 628; Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636; see also Levy v City of New York, 227 AD3d 975).
Finally, the plaintiff correctly argues that the Supreme Court improperly relied upon federal summary judgment standards (see Sayegh v City of Yonkers, 228 AD3d at 692) and erroneously shifted the burden of proof to the plaintiff to demonstrate the merits of her claim (see Williams v Howe, 297 AD2d 671, 672).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court