Bayron Chay Mo v Ultra Dimension Place, LLC (2025 NY Slip Op 01338)

Bayron Chay Mo v Ultra Dimension Place, LLC

2025 NY Slip Op 01338

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-10360
 (Index No. 603810/21)

[*1]Bayron Chay Mo, appellant, 
v
Ultra Dimension Place, LLC, et al., respondents.

Anthony J. LoPresti, Garden City, NY (Gail M. Blasie of counsel), for appellant.
F.J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 15, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered October 25, 2021, granting the defendants' unopposed motion pursuant to CPLR 3211(a)(7) to dismiss the complaint, and thereupon, to deny the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order entered June 15, 2022, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order entered October 25, 2021, and thereupon, to deny the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint is granted.
In March 2021, the plaintiff commenced this action against the defendants, as the alleged owners of the subject premises, to recover damages for personal injuries. The plaintiff alleged that in 2019, he fell through a hole in a roof while employed by an unnamed subcontractor as a day laborer. The plaintiff asserted causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). In August 2021, the defendants moved pursuant to CPLR 3211(a)(7) to dismiss the complaint, the plaintiff submitted no opposition to the motion, and, in an order entered October 25, 2021, the Supreme Court granted the defendants' motion. Thereafter, the plaintiff moved pursuant to CPLR 5015(a)(1) to vacate that order and thereupon, to deny the defendants' motion. In an order entered June 15, 2022, the court, inter alia, denied the plaintiff's motion. The plaintiff appeals.
Pursuant to CPLR 5015(a)(1), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . excusable default." "A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 671, citing CPLR 5015[a][1]). "Law office failure may qualify as a reasonable excuse for a party's default if the claim of such failure is supported by a credible" and detailed explanation of the default (id.; see Deep v City of New York, 183 AD3d 586, 587). "A 'court has discretion to accept law office [*2]failure as a reasonable excuse where that claim is supported by a detailed and credible explanation'" (Guilfoyl v Watts, 212 AD3d 785, 786, quoting Bank of Am., N.A. v Murjani, 199 AD3d 630, 631 [citation omitted]; see Ferreira v Singh, 176 AD3d 782, 784). Here, the plaintiff provided a reasonable excuse for his failure to submit timely opposition to the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint. Moreover, on appeal, the defendants do not contest that the plaintiff established a reasonable excuse for his default in opposing their motion. Additionally, the plaintiff demonstrated that the defendants' motion should be denied.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Davila v Orange County, 215 AD3d 632, 633). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus" (Davila v Orange County, 215 AD3d at 633 [internal quotation marks omitted]).
"'Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors to provide safety devices to protect workers from elevation-related risks'" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d 1253, 1257, quoting Silvas v Bridgeview Invs., LLC, 79 AD3d 727, 731). "'To impose liability pursuant to Labor Law § 240(1), there must be a violation of the statute and that violation must be a proximate cause of the plaintiff's injuries'" (id.). Here, the plaintiff alleged that his fall through the roof was the result of an elevation-related hazard caused by the failure to keep necessary safety devices in place and identified the defendants as the owners of the premises. Therefore, the plaintiff sufficiently pleaded a cause of action alleging a violation of Labor Law § 240(1).
"'Labor Law § 241(6) imposes on owners and contractors a nondelegable duty to provide reasonable and adequate protection and safety to persons employed in, or lawfully frequenting, all areas in which construction, excavation or demolition work is being performed'" (Graziano v Source Bldrs. & Consultants, LLC, 175 AD3d at 1258, quoting, Perez v 286 Scholes St. Corp., 134 AD3d 1085, 1086). "'To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (id., quoting Aragona v State of New York, 147 AD3d 808, 809). Here, the plaintiff alleged that he was employed in an area where construction was being performed and that his injuries were proximately caused by the failure to comply with applicable statutes, ordinances, rules, and regulations. Therefore, the plaintiff sufficiently pleaded a cause of action alleging a violation of Labor Law § 241(6).
"'Labor Law § 200 essentially codifies landowners' and general contractors' common-law duty to maintain a safe workplace'" (Soller v Dahan, 173 AD3d 803, 805, quoting Dunham v Hilco Constr. Co., 89 NY2d 425, 429 [internal quotation marks omitted]). "'Where a plaintiff's claims implicate the means and methods of the work, an owner or contractor will not be held liable under Labor Law § 200 unless it had the authority to supervise or control the performance of the work'" (id., quoting Sullivan v New York Athletic Club of City of N.Y., 162 AD3d 955, 958). Here, the plaintiff alleged that the defendants failed to provide a safe place to work and that the defendants controlled and supervised the work at issue. Therefore, the plaintiff sufficiently pleaded causes of action alleging a violation of Labor Law § 200 and common-law negligence.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 5015(a)(1) to vacate the order entered October 25, 2021, and thereupon, to deny the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court