Purcell v Archdiocese of N.Y. (2026 NY Slip Op 00808)

Purcell v Archdiocese of N.Y.

2026 NY Slip Op 00808

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2025-05303
 (Index No. 52376/21)

[*1]Patrick Purcell, respondent,
vArchdiocese of New York, et al., defendants, Iona Preparatory School, appellant.

Archer & Greiner, P.C., New York, NY (Anthony Dougherty and Dylan R. Newton of counsel), for appellant.
Grant & Eisenhofer P.A., New York, NY (Barbara Hart and Samantha L. Breitner of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Iona Preparatory School appeals from an order of the Supreme Court, Westchester County (Doris M. Gonzalez, J.), dated April 14, 2025. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Iona Preparatory School which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it are granted.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) against, among others, the defendant Iona Preparatory School (hereinafter Iona). The plaintiff sought, inter alia, to recover damages for negligence, alleging that, in 1964, he was sexually abused by a teacher employed by Cardinal Farley Military Academy while he was a student there. The teacher had previously taught at Iona, an institution that the plaintiff did not attend.
Iona moved for summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiff opposed the motion. In an order dated April 14, 2025, the Supreme Court, among other things, denied those branches of Iona's motion which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it. Iona appeals.
A plaintiff asserting a negligence cause of action must allege "a duty owed to the plaintiff by the defendant, a breach of that duty, and injury proximately resulting therefrom" (Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 157; see Nellenback v Madison County, 44 NY3d 329, 334; Davila v Orange County, 229 AD3d 500, 501). "'Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party'" (Morrison v New York Archdiocese, 227 AD3d 703, 704, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138).
As a general matter, "such a duty may arise only 'where there is a relationship either [*2]between defendant and a third-person tortfeasor that encompasses defendant's actual control of the third person's actions, or between defendant and plaintiff that requires defendant to protect plaintiff from the conduct of others'" (Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494, quoting Hamilton v Beretta U.S.A. Corp., 96 NY2d 222, 233; see Morrison v New York Archdiocese, 227 AD3d at 704; Hansen v New York Archdiocese, 227 AD3d 683, 684).
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49). "[T]he duty [schools] owe to their students derives from their physical custody and control over the students" (Boyle v Brewster Cent. Sch. Dist., 209 AD3d 619, 620). "'Generally, a school cannot be held liable for injuries that occur off school property and beyond the orbit of its authority'" (id. at 621, quoting Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805, 806).
Here, Iona established, prima facie, that it did not owe the plaintiff a duty at the time he was allegedly sexually abused (see Matter of New York City Asbestos Litig., 5 NY3d at 493-494; Morrison v New York Archdiocese, 227 AD3d at 704). The evidence submitted in support of Iona's motion demonstrated, prima facie, that Iona maintained no control over the teacher's alleged actions. At the time of the alleged sexual abuse, the teacher had not taught at Iona for approximately one year. In opposition, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of Iona's motion which were for summary judgment dismissing the causes of action to recover damages for negligence insofar as asserted against it.
DILLON, J.P., CHAMBERS, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court